**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAUL WILLIAM PILGER, | No. 12-17361 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-00159-GMN-PAL |
| v. | |
| U.S. DEPARTMENT OF EDUCATION; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Submitted July 22, 2014[**]

Before:     GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

Paul William Pilger appeals pro se from the district court's summary

judgment in his action challenging the Department of Education's denial of his

request to discharge his federally-guaranteed student loans.  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo. *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013). We may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment to the Department of Education because Pilger failed to raise a genuine dispute of material fact as to whether the Department's decision to deny his request for a discharge was arbitrary or capricious. *See Auer v. Robbins*, 519 U.S. 452, 461 (1997) (an agency's interpretation of its own regulations are "controlling unless plainly erroneous or inconsistent with the regulation" (citation and internal quotation marks omitted)); *Native Vill. of Point Hope v. Salazar*, 680 F.3d 1123, 1129 (9th Cir. 2012) (setting forth the arbitrary and capricious standard of review and explaining the limited circumstances in which the court will vacate an agency's decision).

Dismissal of Pilger's claims against Affiliated Computer Services was proper because Pilger cannot assert a cause of action against Affiliated Computer Services under the Higher Education Act. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484-85 (9th Cir. 1995) (the Higher Education Act provides an express right of action only in suits brought against the Secretary of Education).

We do not consider issues raised for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**